UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RAYMONE NEAL                                                                                              Plaintiff

v.                                                                                 Civil Action No. 3:20-CV-P247-RGJ

SYNERGY REHAB, *et al.*                                                                              Defendants

\* \* \* \* \*

### **MEMORANDUM OPINION**

This matter is before the Court on initial review of Plaintiff Raymone Neal's *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the action will be dismissed.

### I.

Plaintiff is a pretrial detainee incarcerated in the Grayson County Detention Center, but his complaint does not pertain to his detention. Rather, Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the following Defendants: Synergy Rehab, "a Company"; Ashley Doe, employee of Synergy Rehab; and Christopher Bates, an attorney. He sues Defendant Doe in her individual and official capacities but fails to allege the capacity in which he sues Defendant Bates.

In the complaint, Plaintiff alleges as follows:

Between the months of March – April 2019 I was a patient at Synergy Rehab . . . for rehab stemming from an automobile accident. I was approached by a Synergy rehab employee, Ashley, while waiting for medications after rehab treatment, prescribed by Synergy rehab physicians. Ashley informed me that she just got off the phone with an gentleman named Christopher Bates and because Mr. Bates confirmed through Ashley that I was a patient and being treated at Synergy rehab, that I supposedly am the reason he claims to never receiving partial settlement from 2015. Ashley informed me after her conversation with Christopher Bates that I would receive no more treatment for my injuries nor medications, and that I was banned from synergy rehab. Ashley violated my privacy act HIPAA and my 4th constitutional right to privacy by disclosing my existence at Synergy rehab and discontinueing the medical treatment and medications I was receiving at Synergy

rehab. I was unaware of Ashley and Mr. Bates discussion about me, and never did I give consent to disclose my whereabouts or treatment with anyone to Synergy rehab employees.

As relief, Plaintiff seeks monetary and punitive damages.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d

1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985

### III.

**A.  42 U.S.C. § 1983**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere."  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Section 1983 typically cannot be used to bring an action against private parties, like Defendants.  *See Wilder v. Hall*, 501 F. Supp. 2d 887, 893 (E.D. Ky. 2007) ("Generally, a section 1983 action will not lie against a private individual.").  Only if the alleged infringement of federal rights is fairly attributable to the state may private parties be held to be state actors.  *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

"The Supreme Court in *Lugar* identified a two-part approach to the question of 'fair attribution,' effectively requiring that the action be taken (a) under color of state law, and (b) by a state actor."  *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (quoting *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).  The Sixth Circuit has applied the following

three tests to help determine when the *Lugar* conditions are met: "(1) the public function test; (2) the state compulsion test; and (3) the symbiotic relationship or nexus test." *Lansing*, 202 F.3d at 828.

The public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state, such as holding elections, or eminent domain." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (internal citations omitted). The state compulsion test "requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Id.* Finally, under the symbiotic relationship test, "the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Id.*

Here, Plaintiff alleges no facts even suggesting that Synergy Rehab, its employee Doe, and attorney Bates were exercising powers traditionally reserved to the state; that the state significantly encouraged or coerced Defendants to take the allegedly unconstitutional action; or that there is a sufficiently close nexus between the state and Defendants to deem Defendants state actors. Additionally, as to attorney Bates, "[a] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983." *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981)); *Harmon v. Hamilton Cty. Court of Common Pleas*, 83 F. App'x 766, 767 (6th Cir. 2003) ("[T]he defendant attorneys did not act under color of state law as privately retained attorneys, although the acts alleged related to state court litigation.").

4

Plaintiff, therefore, fails to satisfy the requirement that the allegedly unconstitutional acts were committed by a person acting under color of state law and fails to state a § 1983 claim against Defendants.

**B. HIPAA**

Title II of HIPAA, the Health Insurance Portability and Accountability Act of 1996, codified at 42 U.S.C. § 1320a *et seq.*, was created to protect against the unauthorized disclosure of health records and information. *Gratton v. United Parcel Serv., Inc.*, No. CV 07–3071, 2008 WL 4934056, at *4 (E.D.N.Y. Nov. 14, 2008). However, only the Secretary of the Department of Health and Human Services may file suit to enforce its provisions. 42 U.S.C. § 1320d-5(d); *Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010). Private citizens have no standing to sue a covered entity for a violation of HIPAA. *Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 139 (8th Cir. 2009) (holding that HIPAA cannot be enforced through either an implied private right of action or through § 1983); *see also Carpenter v. Phillips*, 419 F. App'x 658, 658 (7th Cir. 2011); *Siegler v. Ohio State Univ.*, No. 2:11–cv–170, 2011 WL 1990570, at *8 (S.D. Ohio May 23, 2011). Plaintiff, therefore, has failed to state a claim upon which relief may be granted under HIPAA.

**IV.**

For these reasons, the Court will enter a separate Order dismissing the instant action.

Date:

cc: Plaintiff, *pro se*
      Defendants
A961.005